UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| LEXINGTON SURGICAL SPECIALISTS, P.S.C., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | NO. 5:21-CV-00007-MAS |
| KELI M. TURNER, M.D., | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Lexington Surgical Specialists, P.S.C. ("LSS") has filed a Motion for Reconsideration [DE 75] asking the Court to revisit its recent Memorandum Opinion & Order ("Summary Judgment Opinion") [DE 72] resolving the parties cross-motions for summary judgment. LSS argues the Court should have considered its argument that Defendant Dr. Keli M. Turner, M.D. does not have proof of damages to support her claim and/or affirmative defense of fraud. [DE 75, 78]. Dr. Turner responds that LSS never raised this argument in its dispositive motion practice; regardless, she has proof of damages. [DE 77]. For the reasons below, LSS's motion is denied. However, given the gravamen of the issue raised by LSS, the Court will permit limited and targeted motion practice on the topic as set forth below.

1

I.  ANALYSIS

A.  SUMMARY JUDGMENT OPINION

Over the course of 2017, LSS happily interviewed, negotiated with, and hired Dr. Turner as a surgical oncologist in association with Baptist Health Lexington. Two years later, the parties departed on far from amicable terms. LSS brought this action asserting contractual claims alleging Dr. Turner breached her employment contracts with LSS. Dr. Turner counterclaimed alleging various counts of misrepresentation and fraud inducing her to enter those employment contracts.

After the close of discovery, both parties filed dispositive motions. In the end, concerning Dr. Turner's fraud-based claims, the Court granted LSS's motion for summary judgment to LSS on all but one of Dr. Turner's counterclaims.

The remaining fraud claim centered on LSS's hiring of Dr. Shaun McKenize, another surgical oncologist, soon after Dr. Turner's arrival. Dr. Turner claimed that LSS represented to her during her hiring that she would be the sole surgical oncologist at LSS and that Dr. McKenzie's arrival negatively impacted her financial success.

LSS attacked this claim in two ways via its summary judgment motion. For context, a fraudulent misrepresentation claim in Kentucky "requires proof, by clear and convincing evidence, of the following six elements: (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the [complaining party] to act upon the misrepresentation, (5) that the [complaining party] relied upon the misrepresentation, and (6) that the

2

misrepresentation caused injury to the [complaining party]." *Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 549 (Ky. 2009). The first attack concerned the first element. According to LSS, it never made the representation. Upon reviewing the various evidence presented, the Court concluded there was a material dispute of fact on the issue as there was evidence to support both narratives. [DE 72, Page ID# 2495-2500]. The second attack concerned the second element. LSS argued that, to the extent it made the representation to Dr. Turner, it did not do so with knowledge it was false or made recklessly. Again, the record was far from clear. [DE 72, Page ID# 2499].

Consequently, the Court entered the Summary Judgment Opinion permitting Dr. Turner to proceed to trial on this remaining fraud claim.

B.    **MOTION FOR RECONSIDERATION**

As mentioned at the start, LSS now asks the Court to reconsider that decision and dismiss the remaining fraud claim. Under Federal Rule of Civil Procedure 54(b), a Court may "reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 952 (6th Cir. 2004). Generally, reconsideration is proper only in three circumstances: "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* at 959.

LSS's motion cites "clear error" by the Court in its Summary Judgment Opinion because the Court failed to consider Dr. Turner's alleged lack of damages in the sixth element of the tort, whether those damages were monetary or through the equitable remedy of recission. [DE 75-1, Page ID# 2516]. LSS is correct; the Court

3

did not examine the damages element. The Court conducted no such examination because LSS plainly made no such argument. The Court could not address an argument not raised.

In response to LSS's motion for reconsideration, the Court has scoured through LSS's summary judgment motion and reply. For starters, the argument now advanced by LSS concerning the legal unavailability of recission was **never mentioned** – not once.[1] The cases now advanced by LSS in support of that argument are never once cited. As for an attack on Dr. Turner's alleged monetary damages, LSS's analysis was a mere afterthought, at best. LSS spent **a total of a single sentence on the topic** at the very end of its analysis in its motion.[2] "Finally, for the reasons stated above, Dr. Turner cannot prove she was damaged." [DE 60, Page ID# 1126]. The "above" referenced in this single sentence refers to LSS's prior attack of Dr. Turner's alleged damages for another fraud claim in which Dr. Turner claimed LSS misrepresented to her during the interview process the patient volume she would experience in her practice with LSS. The Court dismissed this fraud claim on other grounds. [DE 72, Page ID# 2490-95]. Regardless, LSS's attack on the damages for the dismissed fraud claim does not presumably transpose to the surviving fraud claim. The two claims, while somewhat similar, are legally and factually distinct.

---

[1] LSS referenced the notion in a single footnote in response to Turner's Motion for Summary Judgment. [DE 62, Page ID# 2343, n. 2]. However, LSS provides no legal analysis coupled with this mention. Moreover, the Court is focused on LSS's argument in support of its request for summary judgment given that is the motion practice through which LSS is seeking dispositive relief.

[2] In its reply in further support of its motion for summary judgment, the word "damage" is used twice with little legal analysis. [DE 66, Page ID# 2240, 44].

The damages for the patient volume claim focuses on the difference between the patient volume represented to Dr. Turner during the interview process compared with the actual patient volume she experienced. The damages for acting as the sole surgical oncologist focus on the difference between the revenue Dr. Turner would have generated if Dr. McKenzie had not arrived. While the Court recognizes both analyses involved similar evidence of patient volume, something the Court noted in its Summary Judgment Opinion [DE 72, Page ID# 2500, n. 3], the claims and necessary quantum of proof are distinct. LSS's attempt to simply refer to the former in analyzing the latter is not enough to trigger serious, fulsome consideration by the Court. [DE 60, Page ID# 1126].

LSS's Motion for Reconsideration is not an opportunity for the Court to consider clear error; rather, LSS wants the Court to consider an argument LSS failed to raise at the summary judgment stage. "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 Fed. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)). *See also Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("[A] motion for reconsideration is not properly used as a vehicle … to advance positions that could have been argued earlier but were not."). The arguments attacking the legal availability of recission as a remedy or Dr. Turner's proof of monetary damages could

5

have been detailed by LSS in its dispositive motion practice. The most telling proof is that, in its Motion for Reconsideration, LSS cites deposition testimony, initial disclosures, and other proof that do not appear in its prior dispositive motion practice whatsoever. Likewise, LSS cites cases and legal arguments that never appear in its prior dispositive motion practice. LSS is obviously presenting new arguments.

In summary, LSS has chosen a procedural vehicle to obtain a second bite at the apple after LSS was disappointed by the taste of the first. Rule 54 does not permit such relief.

C. **TARGETED DISPOSITIVE MOTION PRACTICE**

Simply because LSS chose the wrong procedural vehicle does not mean the Court wholly ignores the arguments it has raised. The Court does not favor absolute form at the complete ignorance of substance. LSS has raised serious concerns about Dr. Turner's claimed damages. Dr. Turner has every right to respond and be given an opportunity to present her proof.

Thus, the Court will present a limited opportunity, both in time and scope, for the parties to address the issue. The Court will permit LSS to file a motion for summary judgment on two limited issues. First, LSS may move for summary judgment concerning whether Dr. Turner may legally seek rescission of her contractual relationship with LSS. Second, LSS may move for summary judgment concerning whether Dr. Turner has articulated evidence of her damages in support of counterclaim for fraud regarding Dr. McKenzie's hiring. LSS may not go beyond these two topics.

6

## II.  CONCLUSION

For the foregoing reasons**, IT IS ORDERED** as follows:

1. LSS's Motion for Reconsideration [DE 75] is **DENIED.**

2. LSS may move for summary judgment on the two topics identified above on or before January 12, 2024.[3]  Local Rules will govern the schedule for briefing upon the filing of that motion.

Entered this 4th day of January, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[3] Although the deadline for filing the motion is brief, the Court recognizes that the parties have already briefed these issues in some detail.  Thus, the Court assumes much of the labor is done.  The Court merely wishes to frame the issues under the Rule 56's standard and offer Dr. Turner the needed chance to provide any and all necessary proof to rebut LSS's motion.