UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| LEXINGTON SURGICAL SPECIALISTS, P.S.C., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | NO. 5:21-CV-00007-MAS |
| KELI M. TURNER, M.D., ) ) | |
| Defendant. ) ) ) | |

## MEMORANDUM OPINION & ORDER

Defendant Keli M. Turner, M.D. has filed a Motion for Reconsideration [DE 98] requesting the Court to revisit its prior determinations on several issues: (1) the collected fees amount calculated for liquidated damages; (2) the reimbursement of Dr. Tate's mentoring fees; and (3) the award of attorneys' fees to LSS. [DE 98 at Page ID# 2927]. The Court does not require a response from Plaintiff Lexington Surgical Specialists, P.S.C. ("LSS") to dispose of Dr. Turner's motion.

Under Federal Rule of Civil Procedure 54(b), a Court may "reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004). Generally, reconsideration is proper only in three circumstances: "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id*. at 959.

In her motion, Dr. Turner claims allowing the Court's summary judgment opinion to stand on damages results is manifest injustice because the Court relied on LSS's inaccurate accounting to calculate liquidated damages, and Dr. Tate's mentoring fees were excluded by the Recruitment between LSS and Dr. Turner (and Baptist Health). Consequently, Dr. Turner claims these amounts should be excluded from the damages calculation, and the attorneys' fees should be reduced. [DE 98 at Page ID# 2925].

Dr. Turner is, undoubtably, disappointed with the outcome of this case. It is no surprise that, in retrospect, Dr. Turner does not like the terms of the contract she executed. However, as the Court has explained throughout this case, the burden was on Dr. Turner to bring forth a genuine issue of material fact to dispute LSS's damages calculation, and Dr. Turner failed to do so. Her argument in the Motion for Reconsideration is nothing more than a restatement of her prior argument and, as the Court noted previously, potentially a misunderstanding of how collected fees functioned at LSS based on the other evidence in the case. Nonetheless, Dr. Turner had ample opportunity in discovery to explore LSS's calculation and mount her own counter-calculation through, for example, the retention of an expert or requests for production of documents. Dr. Turner chose not to, and the Court already analyzed the collected fee amount.

Dr. Turner has not shown any manifest injustice in the Court's determination; she has simply rehashed her prior argument regarding the October 2017 collected fees, which the Court previously addressed. Importantly, the Court also found in Dr.

Turner's favor as to $117,500 in prorated on-call fees that had to be deducted from the amount owed to LSS.

Dr. Turner's next argument is that it is unjust that the Court is "den[ying to] enfor[e] the contractual provision that 'the practice will pay for Dr. Tate's expenses.'" [DE 98 at Page ID# 2927]. The Court agrees that it makes practical sense—as Dr. Tate pointed out in his deposition—for LSS to pay for Dr. Tate's mentoring expenses, not Dr. Turner. However, that is not what the plain language of the Recruitment Agreement states. The Court has already addressed this argument, finding: "per the plain language of the contract, all of these expenses, including 'Mentoring Services', must be deducted from Dr. Turner's Collected Fees. Merely because LSS detailed how it was going to pay Dr. Tate and document those fees to Baptist does not shift the legal obligations for those fees away from Dr. Turner." [DE 95 at Page ID# 2917]. The fact that Dr. Turner disagrees with the Court's interpretation of the Recruitment Agreement is not sufficient for the Court to reconsider the Court's prior Memorandum Opinion and Order.

Finally, Dr. Turner "respectfully requests the Court reconsider her previous requests that the Court deny awarding LSS any legal fees associated with this litigation because of LSS's conduct in deceiving Dr. Turner pre-employment about making her the only surgical oncologist at the practice, as well as its conduct of withholding information from her during her employment and during the litigation." [DE 98 at Page ID# 2927]. Essentially, she requests that the Court refrain from awarding legal fees as set forth in the Employment Agreement between the parties because Dr. Turner believes LSS acted unfairly towards her. Even if LSS did act unfairly towards her, the Court has found that

Dr. Turner failed to prove fraud and her other claims while LSS succeeded in proving its breach of contract claim. Thus, LSS is entitled to attorneys' fees under the terms of the Employment Agreement between the parties. The Court awarded the requested fees after noting LSS submitted an Affidavit in support of the amount, which was unchallenged by Dr. Turner. Dr. Turner specifically takes issue with any legal fees LSS expended in pursuing the Motion to Reconsider the Court's Memorandum Opinion and Order of November 2, 2023. Nonetheless, while this outcome may once again seem unfair to Dr. Turner, the Employment Agreement does not limit LSS to which attorneys' fees LSS may recover or how it may practice its case.

More importantly, while Dr. Turner did not challenge the fees, "any award of an attorney fee is subject to a determination of reasonableness by the trial court" under Kentucky law. *Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky., 1991). "[I]n exercising its discretion, a trial court should require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *A & A Mechanical, Inc. v. Thermal Equipment Sales, Inc.*, 998 S.W.2d 505, 514 (Ky. Ct. App. 1999). Additionally, the Kentucky Court of Appeals ruled a party may recover reasonable attorneys' fees "attributable to its defense of a claim asserted by the opposing party, who objected to payment of that portion of the fees." *Tomeo v. Rubarts*, 2003 WL 22872406, at *2 (Ky. Ct. App. 2003) (applying a four-factor test to award attorneys' fees to a plaintiff who defeated a counterclaim in a contract lawsuit) (adopting *Kudon v. F.M.E. Corp.*, 547 A.2d 976 (D.C. App. 1988). Again, although Dr. Turner did not object to attorneys' fees on any of these grounds specifically, the Court found that the hourly rates and hours and hours

expended were reasonable, not excessive, and legally awardable under the contract. Any arguments to the contrary by Dr. Turner at this juncture are too little too late.

For these reasons, the Court finds that none of the justifications for reconsideration in FED. R. CIV. P. 54(b) exist in this circumstance. Dr. Turner recycled her prior argument that LSS was not upfront with their accounting of her collected fees, that she disagrees with the Court's reading of the Recruitment Agreement as to the mentoring fees, and that she does not believe the attorneys' fees provision of the Employment Agreement should be enforced against her because it is simply unfair, and if it is, it should not be enforced as to the Motion to Reconsider filed by LSS. None of these represent a change in the law, new evidence, or the need to correct clear error or prevent manifest injustice. *Rodriguez*, 89 F. App'x at 959.

Accordingly, **IT IS ORDERED** that Dr. Turner's Motion for Reconsideration is **DENIED**.

Entered this 10th day of July, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY